CRUZ BALZAC DE RIVERA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 997.—*Sometido:* Junio 4, 1937. *Resuelto:* Junio 17, 1937.

*E. López Acosta,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Cruz Balzac de Rivera adquirió del Municipio de San Germán un solar por la suma de $1,188. Los pagos se efectuaron aparentemente durante un período de años que comenzó a principios del 1934 y terminó en diciembre de 1936. En 30 de abril de 1937 el Alcalde de San Germán otorgó escritura de conformidad con una autorización especial conferídale por una ordenanza, traspasando el título de la finca en cuestión a Cruz Balzac de Rivera. La propiedad se describía así:

"*Rústica:* Solar sito en el barrio Maresúa, término municipal de San Germán, Puerto Rico, sitio ocupado por el cementerio de esta ciudad; de una cabida de dos áreas, noventa y siete centiáreas; colindante por el norte y oeste, con terrenos de la Sucesión de Amparo Garcés; y por el este y sud, con solares del Municipio de San Germán."

Ese solar fué evidentemente segregado de un parcela mayor de terreno que había sido originalmente adquirida por

el Municipio de San Germán y dedicada en su totalidad a un cementerio municipal. En la escritura también se hace constar que existen noventa y nueve fosas en la propidad que se trataba de enajenar, que la adquirente alega le pertenecen por haberlas construído.

El registrador se negó a inscribir la escritura por varios fundamentos, algunos de los cuales consideramos no necesitan ser discutidos porque tenemos dudas sobre su aplicación y otros porque no creemos puedan ser debidamente planteados por un registrador de la propiedad. Sin embargo existe una razón fundamental que creemos es suficiente para que confirmemos la nota recurrida. Ella se refiere a la naturaleza pública de un cementerio municipal y a que éste como tal no está sujeto a una enajenación absoluta a un individuo particular. Los artículos 273 y 274 del Código Civil (edición de 1930) leen:

"Artículo 273.—Las cosas en relación a las personas que las posean o de ellas disfruten, se dividen en dos clases: cosas susceptibles de apropiación y cosas no susceptibles de apropiación.

"Artículo 274.—Entre las cosas que no son susceptibles de apropiación están comprendidas aquéllas que no pueden ser propiedad particular por razón de su objeto, tales como las cosas en común o sean aquéllas cuyo uso y disfrute pertenece a todos los hombres.

"Hay otras cosas, por el contrario, que aunque por su naturaleza son susceptibles de propiedad particular, pierden esta cualidad como consecuencia de la aplicación que de ellas se hace para fines públicos incompatibles con la propiedad privada, si bien pueden adquirir su primitiva condición tan pronto cese el fin público que se las hubiera dado; tales son los terrenos de las carreteras, calles y plazas públicas."

En el recurso que está ante nos se admite que el terreno que se trata de vender se había dedicado a un cementerio municipal. Tanto de la escritura como de las ordenanzas que tenía ante sí, el registrador podía llegar razonablemente a la conclusión de que el Municipio de San Germán había dedicado la propiedad a un uso público. El segundo

párrafo del artículo 274 supra es por tanto aplicable. No existe prueba de que haya habido un abandono de ese uso público por parte del municipio.

Bajo el epígrafe *"cementerio"* en el tomo 5, pág. 467 de la Enciclopedia Jurídica Española (edición de 1910) hallamos lo siguiente:

*"Privilegios jurídicos de los Cementerios.—*

*".*     .     .     .     .     .     .

"Ahora, en cuanto a los públicos, es igual que sean católicos, civiles o neutros, pues ante el Derecho Civil o el administrativo no cabe distinción.

"Propiedad especial la de los cementerios, casi viene a estar regulada por disposiciones administrativas que varían en cada país, y hasta en cada localidad, siendo punto menos que imposible exponer una norma general de lo que es todo accidente y circunstancial.

"Sin embargo, hay perfecto acuerdo en considerar a los cementerios como dependencias del dominio público, cosas por tanto fuera del comercio, y, en su virtud, inalienables e imprescriptibles: así se comprende. . . ."

La proposición de que una vez que un municipio dedica y usa legalmente terrenos para inhumaciones éstos son apropiados para un fin público en forma tal que la libertad de enajenación queda restringida, no sólo está sostenida por nuestro Código Civil, sino que existe jurisprudencia en los Estados Unidos en sentido similar. Véase *La Societa Italiana di Mutua Beneficenza* v. *San Francisco,* 131 Cal. 169, 63 P. 174, 53 L.R.A. 382. No estamos considerando la posibilidad de que el municipio, dando los correspondientes pasos, se deshaga de un cementerio público o abandonado para fines privados. A veces se hace esto mediante la exhumación y traspaso de los cadáveres enterrados.

*Por las razones arriba expuestas somos del criterio de que la nota del registrador debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.